# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

| | |
|---|---|
| EDWARD PEREZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>HYANNIS AIR SERVICE, INC. d/b/a<br>CAPE AIR,<br><br>　　　　　　　　　　Defendant. | 1:10-cv-86 |

TO:　Lee J. Rohn, Esq.
　　　Stephanie L. Adler, Esq.

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

THIS MATTER is before the Court upon Defendant's Motion to Transfer Venue Due to Forum Non Conveniens and For Application of Massachusetts Law and Motion For Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (Docket No. 4). The time for filing a response to said motion has expired.[1]

Defendant seeks a transfer of venue to the United States District Court of Massachusetts, pursuant to 28 U.S.C. § 1404(a), based upon the fact that Defendant resides in Massachusetts, many of the events giving rise to the underlying claim occurred in

---

1. Plaintiff filed a motion for extension of time to file his response. *See* Docket No. 5. However, the Court denied the request as untimely. *See* Docket No. 6. Plaintiff then filed a motion for reconsideration of such denial (Docket No. 7), which the Court also denied. *See* Docket No. 9.

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 2

Massachusetts, relevant documents are located in Massachusetts, and most of the witnesses reside and/or work in Massachusetts. Motion at 5-6, 9.

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).[2] A motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is within the broad discretion of the Court. *Elbeco, Inc. v. Estrella de Plato, Corp.*, 989 F. Supp. 669, 679 (E.D. Pa. 1997); *see also Fortay v University of Miami*, Civ. A. No. 93-3443, 1994 WL 62319 at *8 (D.N.J. February 17, 1994) (quoting *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 632 (3d Cir. 1989)) (" The decision whether to transfer an action rests in the sound discretion of the trial court 'appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another'").

> [C]ourts have considered many variants of the private and public interests protected by the language of § 1404(a).
>
> The private interests have included: plaintiff's forum preference as manifested in the original choice . . .; the defendant's preference . . .; whether the claim arose elsewhere . . .; the convenience of the parties as indicated by their relative physical and financial condition . . .; the convenience of the witnesses--but only to the extent that the witnesses may actually be

---

2. All references to the United States Code are to the electronic versions that appear in Westlaw.

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 3

> unavailable for trial in one of the fora . . .; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . .
>
> The public interests have included: the enforceability of the judgment . . . ; practical considerations that could make the trial easy, expeditious, or inexpensive . . . ; the relative administrative difficulty in the two fora resulting from court congestion . . .; the local interest in deciding local controversies at home . . .; the public policies of the fora . . .; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co..*, 55 F.3d 873, 879-80 (3d Cir. 1995) (citations omitted). As this Court has stated, the "court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests." *Kendricks v. Hertz Corp.*, Civ. No. 2005-0164, 2008 WL 3914135 at *3 (D.V.I. August 18, 2008) (citation omitted).

**Private interest factors**

It is well established that Plaintiff's preference is to be given great weight. *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir.1970). It is also true that "'[p]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum,'" *Lomanno v. Black*, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003) (quoting *Rowles v. Hammermill Paper Co., Inc.*, 689 F.Supp. 494, 496 (E.D. Pa.1988)).

The general rule favors the forum "which is the center of the accused activity." *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187-88 (Ill. 1983). The complaint in the

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 4

matter at bar centers upon Plaintiff's termination of his employment with Defendant. As Defendant notes, the acts giving rise to Plaintiff's claims all "involve or concern conduct or events that occurred in Massachusetts [and] persons who work and/or reside in Massachusetts . . . ." Motion at 2. In addition, Plaintiff was working and temporarily residing in Massachusetts at the time of his termination. *Id*. at 2-3. Consequently, this factor weighs in favor of transfer.

Weighing the convenience of the parties, the Court finds that Plaintiff resides in St. Croix. While Defendant is based in Massachusetts, it also does business in the Virgin Islands. "[W]here disparity exists between the parties, such as an individual plaintiff suing a large corporation, the relative means of the parties may be considered." *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (*citing Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 989 (E.D.N.Y. 1991)); *see also Pall Corp. v. PTI Technologies, Inc.*, 992 F. Supp. 196, 200 (E.D.N.Y. 1998) ("The court may also consider . . . whether a disparity between the parties exists with respect to their relative means, such as in the case of an individual plaintiff suing a large corporation"). Although Defendant has indicated its preference to litigate in Massachusetts, as a corporate entity, it is in a better position to absorb the costs of litigating in the Virgin Islands. Therefore, this factor weighs against transfer.

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 5

With regard to the final private interest factor, the Court observes that the "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." *Gonzalez v. Electronic Control Systems, Inc.*, No. Civ. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993) (citation omitted) (cited in *Fellner ex rel. Estate of Fellner v. Philadelphia Tobaggan Coasters, Inc.*, No. Civ. A. 05-1052, 2005 WL 2660351 at *5 (E.D. Pa. October 18, 2005) (slip op.)). Defendant claims that the "vast majority of the significant witnesses in this case reside and/or work in Massachusetts." Motion at 9. Defendant further states that Plaintiff has identified a couple of witnesses who "reside and/or work in Puerto Rico," but that "[n]one of the witnesses in this case, with the exception of Plaintiff, reside in the Virgin Islands." *Id*.

In addition, the Court must give consideration to the 100 mile reach of the subpoena power and whether or not the witnesses are employees of a party and their presence can be obtained by that party. *Jackson v. Executive Airlines, Inc.*, 2001 U.S. Dist. LEXIS 8004 at *12 (D.V.I. June 7, 2001) (*citing* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* 15 § 3851 (2d ed. 1986)). Defendant states that "[a]ll of the individuals involved in Plaintiff's termination and/or the conduct giving rise to Plaintiff's claims reside and/or work in Massachusetts." Motion at 9. Consequently, the Court finds that the convenience of the witnesses factor weighs in favor of transfer.

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 6

The physical evidence of records and other documents can easily be transported or otherwise obtained; thus, the Court finds that this factor is neutral and merits no weight. *See, e.g., Gonzalez v. Electronic Control Systems, Inc.*, No. CIV. 93-3107, 1993 WL 372217 at *4 (E.D. Pa. September 17, 1993).

**Public interest factors**

The public interest factors of concern in the matter at bar include choice of law and the local interest in deciding local controversies. Because Plaintiff chose to file his complaint here, Virgin Islands choice of law principles apply. *See, e.g., Klaxon Co. V. Stentor Electrical Mfg. Co.*, 313 U.S. 487, 496-97 (1941) (holding that federal courts are required to apply conflict of law principles of forum state in a diversity case). Pursuant to V.I. Code Ann. tit. 1 § 4, the Virgin Islands looks to the Restatement of Laws to resolve choice of law questions. Section 146 of the *Restatement (Second) Conflict of Laws* provides in relevant part:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

*Restatement (Second) Conflict of Laws* § 146 (1971). However, only in rare cases is a jurisdiction other than that in which the conduct and injury occurred more significant. *Berry v. American Airlines, Inc.*, No. Civ. 1996-0152, 2000 WL 34205757 at *2 (D.V.I. Aug. 28,

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 7

2000) (*citing Restatement (Second) Conflict of Laws* § 146 cmt. c). As this Court previously has found, a plaintiff's residency is insufficient to establish a "more significant relationship." *Benjamin v. Eastern Airlines, Inc.*, 18 V.I. 516, 520 (D.V.I. 1981) (*cited in Berry*, 2000 WL 34205757 at *2). As in *Benjamin*, the only contact the Virgin Islands has with the instant action is the residency of Plaintiff. The termination occurred in Hyannis, Massachusetts; Defendant is a Massachusetts corporation, based in Hyannis. Thus, the Virgin Islands does not have a "more significant relationship" for conflict of laws purposes. *See, e.g., Benjamin*, 18 V.I. at 520 (where the court states that the factors to be considered when determining whether another forum has a "more significant relationship" include: "the place where the injury occurred, the place where the conduct causing injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship between the parties is centered") (*citing Restatement (Second) of Conflict of Laws* § 145 (1971)). Accordingly, this factor weighs in favor of transferring the case to Massachusetts, where the termination and events giving rise to the termination occurred.

With regard to the public interest factor of deciding local controversies, the Court finds that although Plaintiff's employment with Defendant may have originated in the Virgin Islands, this matter cannot be deemed strictly a local controversy. When

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 8

considering, as the *Kendricks* court did, the "relationship of the respective communities to which the jurors are required to serve to the occurrences that give rise to the instant litigation," 2008 WL 3914135 at *8, the Court finds that the citizens of Massachusetts have a much greater interest in this matter, based upon the location of the headquarters of Defendant, the residence and employment of the many witnesses, and the fact that Plaintiff was temporarily residing and working there at the time of his termination. Consequently, the citizens of that forum should bear the responsibility for jury duty.

## Conclusion

Based upon the foregoing, the only relevant factors against transfer are Plaintiff's original choice of forum, access to records and documents, and, the ability of Defendant to better able to absorb the cost of litigating in this forum. Because none of those factors are accorded much weight, the Court finds that the balance of all the factors strongly weighs in favor of transfer. *Kendricks*, 2008 WL 3914135 at *8; *see also Kressen v. Federal Ins. Co.*, 122 F. Supp. 2d 582, 589-90 (D.V.I. 2000).

Defendant also asks the Court to order the application of Massachusetts law. The Court declines to enter such order. After the matter is transferred, the United States District Court for the District of Massachusetts shall be responsible for determining the applicable law.

*Perez v. Hyannis Air Service*
1:10-cv-86
Order Granting Motion to Transfer
Page 9

However, the Court will grant Defendant's request for additional time to answer or otherwise respond to Plaintiff's Complaint.

Accordingly, it is now hereby **ORDERED**:

1. Defendant's Motion to Transfer Venue Based on Forum Non Conveniens and For Application of Massachusetts Law and Motion For Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (Docket No. 4) is **GRANTED IN PART AND DENIED IN PART**.

2. This matter is **TRANSFERRED** to the United States District Court for the District of Massachusetts, and the Clerk of Court shall forward a copy of the file in this matter to said court.

3. Defendant shall file its answer or otherwise respond to Plaintiff's Complaint within fourteen (14) days after this matter is officially transferred.

4. The operation of this order is **STAYED** for ten (10) days to allow any appeal or until the resolution of any appeal that may be filed, whichever occurs later.

                                                                                 ENTER:

Dated: December 1, 2010                        /s/ George W. Cannon, Jr.
                                                       GEORGE W. CANNON, JR.
                                                       U.S. MAGISTRATE JUDGE