## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| EDWARD PEREZ, | ) |
|            Plaintiff, | ) |
| v. | ) Case No. 1:10-cv-0086 |
| HYANNIS AIR SERVICE, INC. D/B/A CAPE AIR, | ) |
|            Defendant. | ) |

**ATTORNEYS:**

**LEE J. ROHN, ESQ.**
LEE J. ROHN AND ASSOCIATES
ST. CROIX, U.S. VIRGIN ISLANDS
    *FOR PLAINTIFF EDWARD PEREZ*

**STEPHANIE L. ADLER, ESQ.**
JACKSON LEWIS LLP
ORLANDO, FL
    *FOR DEFENDANT HYANNIS AIR SERVICE, INC. D/B/A CAPE AIR*

## MEMORANDUM OPINION

**Robert A. Molloy, Chief Judge.**

**BEFORE THE COURT** is Plaintiff Edward Perez's ("Perez") Response to Court's Order for Status Report, filed on November 30, 2022. (ECF No. 35.)[1] District Judge Wilma A. Lewis ordered Perez to file a status report by November 17, 2022, "indicating whether he plans to continue pursuing this action" given the "significant lapse of time since the filing of [Perez's] appeal [of a Magistrate Judge Cannon's Order (ECF No. 14)], together with Plaintiff's lack of a response" to two of Magistrate Judge Cannon's Orders. Perez's untimely-filed Status Report

---

[1] Due to the retirement of Senior District Judge Wilma A. Lewis and the expiration of her recall appointment on February 16, 2026, the undersigned, exercising his authority as Chief Judge of the District Court, reassigned this case to himself on February 17, 2026.

indicated that he "intends to proceed in this matter" and requested the District Court Judge to rule on his two Notice of Objection to and Appeal of Magistrate Judge's Orders, ECF Nos. 14, 15, in this case. For the reasons stated below, the Court will overrule Perez's Objections, affirm the Magistrate Judges' orders and transfer this case to the District of Massachusetts.

## I.  FACTUAL AND PROCEDURAL HISTORY

Perez filed a Complaint against Defendant Hyannis Air Service, Inc.'s ("Cape Air") on September 1, 2010. (ECF No. 1.) Cape Air employed Perez as an aircraft mechanic. (ECF No. 1 at 1.) Perez alleges that this employment was based in St. Croix, USVI. *Id.* In July of 2010, Cape Air allegedly ordered Perez to go to Hyannis, Massachusetts, for two weeks to conduct aircraft maintenance there. *Id.* at 2-3. While in Massachusetts for this work trip, Cape Air terminated Perez's employment after allegedly informing Perez of three employment infractions that Perez committed. *Id.* at 4. The three alleged infractions were (1) arriving at work prior to his scheduled start time and leaving work prior to his scheduled end time; (2) eating "some cakes and chips" designated for employees prior to work commencing rather than at the appropriate break time; and (3) failing to do a heavy fuselage inspection on a particular aircraft. *Id.* Perez asserts four causes of action against Cape Air: (1) wrongful discharge in violation of 24 V.I.C. § 76; (2) defamation *per se*; (3) breach of an employment agreement; and (4) intentional infliction of emotional distress. *Id.* at 8. Perez seeks both compensatory and punitive damages, costs and fees, and pre and post judgment interest, along with any other relief the Court finds fair and just. *Id.* at 9.

Cape Air moved to transfer venue pursuant to 28 U.S.C. § 1404(a). (ECF No. 4.) Cape Air identified Perez as a mechanic based at Cape Air's San Juan, Puerto Rico, location. *Id.* at

*Perez v. Hyannis Air Serv., Inc.*
Case No. 1:10-cv-0086
Memorandum Opinion
Page **3** of **12**

2. Cape Air argued that "[t]he only connection to the Virgin Islands during the relevant time period is Plaintiff's residence in St. Croix." *Id.* at 3. Rather, Cape Air stated that Perez was working in Massachusetts during the relevant time period for his claims, that Perez was terminated in Massachusetts, and that all the individuals involved in Plaintiff's termination and the underlying conduct reside and/or work in Massachusetts or Puerto Rico. *Id.* at 2-3. Thus, Cape Air argued that "[s]ubstantial inconvenience to the parties and these witnesses would result" from venue in the District of the Virgin Islands. *Id.* at 3.

Forty days after the filing of Cape Air's motion to transfer, Perez filed a motion for extension of time to file a response to the motion to transfer. (ECF No. 5.) Magistrate Judge Cannon denied this request as untimely, because Local Rule 7.1 requires a response to be filed within fourteen days of service of the motion. (ECF No. 6.)

Perez filed a motion for reconsideration of this Order (ECF No. 7) and a few days later filed an Opposition to Cape Air's motion to transfer (ECF No. 8) without leave of the Court to do so. Perez argued that Cape Air had agreed to his requested extension of time, and that Cape Air failed to communicate this to the Court, and thus Perez's request for an extension of time was timely. (ECF No. 7 at 1-2.) Magistrate Judge Cannon found that Cape Air had agreed to an extension for Perez to respond until Saturday, November 13, 2010, making a filing on the next business day, Monday, November 15, 2010, timely. (ECF No. 9 at 2 & n.1.) Nonetheless, Magistrate Judge Cannon denied Perez's request for reconsideration because Perez already had "nearly six (6) weeks within which to conduct the legal research he claims his response required" and "[t]his matter is not so complex that additional time was necessary." *Id.* at 2. Additionally, Magistrate Judge Cannon found that Perez "failed to explain

*Perez v. Hyannis Air Serv., Inc.*
Case No. 1:10-cv-0086
Memorandum Opinion
Page **4** of **12**

why his witness' affidavit was impossible to have been obtained within the extended period."
*Id.*

Cape Air moved to strike Perez's untimely opposition. (ECF No. 12.) Magistrate Judge Cannon granted this request, in light of the Court's previous findings regarding the untimeliness of Perez's opposition. (ECF No. 13 at 1-2.) Perez filed a Notice of Objection to and Appeal of the Magistrate Judge's Orders denying reconsideration of his request for an extension of time and striking his untimely opposition. (ECF No. 15.) Cape Air filed a response (ECF No. 19) to this objection; Perez filed a reply (ECF No. 22) to this response.

Magistrate Judge Cannon also granted Cape Air's motion to transfer (ECF No. 4.) The Order reviewed the private interest factors and public interest factors under *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). *Id.* at 2-4. The Court found that "the balance of all the factors strongly weighs in favor of transfer." (ECF No. 4 at 8.) The Order was based upon the Magistrate Judge's findings that "Defendant resides in Massachusetts, many of the events giving rise to the underlying claim occurred in Massachusetts, relevant documents are located in Massachusetts, and most of the witnesses reside and/or work in Massachusetts." *Id.* at 1-2. Accordingly, Magistrate Judge Cannon ordered this case transferred to the District Court of Massachusetts pursuant to 28 U.S.C. § 1404(a). *Id.* at 9. The transfer of the case was stayed pending "the resolution of any appeal that may be filed." *Id.* at 9. Perez filed a Notice of Objection to and Appeal of the Magistrate Judge's Order granting Cape Air's motion to transfer. (ECF No. 14.) Cape Air filed a response (ECF No. 20) to this objection; Perez filed a reply (ECF No. 21) to this response.

## II.    LEGAL STANDARD

Pursuant to the Federal Magistrate Act, a district court judge may reconsider any pretrial matter referred to a magistrate judge "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[2] 28 U.S.C. § 636(b)(1)(A). For a district court to determine that a factual finding is clearly erroneous, it must have a "definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Precedential Third Circuit case law consistently holds that the factual findings of the magistrate judge must be upheld "unless that determination 'either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *see also United States v. Matthias*, Crim. No. 2019-0069, 2022 U.S. Dist. LEXIS 106707, at *6 (D.V.I. June 15, 2022). The magistrate judge's decision is contrary to law where "it misinterpreted or misapplied the applicable law." *United States v. Flanders,* Crim. No. 2010-29, 2010 U.S. Dist. LEXIS 96752, at *5 (D.V.I. Sep. 15, 2010); *Clarke v. Marriot Int'l, Inc.*, Civil No. 2008-0086, 2010 U.S. Dist. LEXIS 40813 at *7 (D.V.I. Apr. 23, 2010).

Accordingly, "[t]he decisions of magistrate judges with respect to non-dispositive motions receive wide discretion." *Del Valle v. Officemax N. Am., Inc.*, Civil No. 2013-0024, 2014

---

[2] Motions to transfer are not dispositive motions and therefore can be adjudicated by magistrate judges. *Williams v. Peterson*, Civil No. 2024-cv-0037, 2025 LX 113880, at *5 (D.V.I. Jan. 8, 2025) ("Numerous courts have ruled that motions to transfer are not dispositive motions and can be adjudicated by magistrate judges under [28 U.S.C.] § 636(b)(1)(A)."); *see also Anderson v. Dow Chem. Co.*, Civil No. 2006-0117, 2007 U.S. Dist. LEXIS 98190, at *4 (D.V.I. Oct. 3, 2007) ("A motion to transfer venue is not a dispositive motion."). Local Rule of Civil Procedure 72.1 provides that "[t]he Magistrate Judges are hereby designated to hear and determine in all civil actions any pretrial matter permitted by 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72." LRCi 72.1.

U.S. Dist. LEXIS 133133, at *5 (D.V.I. Sep. 22, 2014) (noting that a district court will modify a magistrate's order only if the ruling was "clearly erroneous or contrary to law."); *see also Benjamin v. Esso Standard Oil Co.*, Civil No. 2009-0017, 2009 U.S. Dist. LEXIS 73213, at *7 (D.V.I. Aug. 18, 2009) ("The Magistrate Judge's decisions are accorded wide discretion.") (citing *NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir. 1992)). Importantly, the appealing party bears the burden of demonstrating that the magistrate judge's decision was contrary to law or clearly erroneous. *Cardona v. Gen. Motors Corp.*, 942 F.Supp. 968, 971 (D.N.J.1996). Moreover, because reconsideration "is an extraordinary remedy," it should only be granted sparingly. *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *6.

Under the Local Rules of Civil Procedure, a motion to reconsider "shall be based on 1) an intervening change in controlling law; 2) the availability of new evidence, or; 3) the need to correct clear error or prevent manifest injustice." LRCi 7.3. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration.") (citing *DeLong Corp. v. Raymond Int'l Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980)). "Such motions are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *7.

### III. DISCUSSION

**A. Extension of Time Objection**

Perez argues that "[t]he Magistrate Judge's refusal to grant Plaintiff an extension of time from November 15 to November 29 [to file his opposition] was clearly erroneous and contrary to law because Plaintiff's efforts and inability to obtain an affidavit to oppose Defendant's motion to transfer venue was good cause for such an extension." (ECF No. 15 at 1-2.) Perez recounts extensive details, with accompanying exhibits, regarding the efforts of his investigator to obtain affidavits from his witnesses. *Id.* at 3-5. Perez also argues that the Magistrate's Order striking his untimely opposition should be set aside. *Id.* at 7. To do otherwise, he argues, would be an "injustice." *Id.* at 9.

Cape Air correctly notes that these new details and exhibits, as well as Perez's omission, in his initial motion seeking an extension of time, regarding Cape Air's consent to two prior extension of time, constitute new facts impermissibly raised for the first time on reconsideration. *See Martinez v. Francois*, Civil Action No. 2013-0102, 2019 U.S. Dist. LEXIS 48030, at *6 (D.V.I. Mar. 22, 2019) ("[A] motion for reconsideration is not a vehicle for a party to 'argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'").

Courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010) ("As a general matter, we accord district courts great deference with regard to matters of case management."). The Magistrate Judge's refusal to accept an untimely filing was not "clearly erroneous or contrary

to law." 28 U.S.C. § 636(b)(1)(A). Further, the Magistrate Judge's determination of whether Perez demonstrated good cause for an extension of time is within the "wide discretion" accorded to magistrate judge decisions. *See Esso Standard Oil Co.*, 2009 U.S. Dist. LEXIS 73213, at *7. Under the circumstances, it was not unreasonable for the Magistrate Judge to deny Perez additional days to file a response to Cape Air's motion to transfer as 40 days had already passed; these facts are not deserving of the "extraordinary remedy" that reconsideration represents. *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *6.

Perez's provision of new and additional facts, and numerous exhibits, further detailing the circumstances that he believes constitutes good cause should have been included in his initial filing and cannot be considered by this Court on reconsideration. *See Martinez*, 2019 U.S. Dist. LEXIS 48030, at *6. Accordingly, this Court will overrule Perez's Notice of Objection to and Appeal of the Magistrate Judge's Order, ECF No. 15, and will affirm the Magistrate Judge's November 30, 2010 Order, ECF No. 9, and December 2, 2010 Order, ECF No. 13.

### B. Transfer of Venue Objection

Perez argues that the Magistrate Judge's decision granting transfer of venue to the District of Massachusetts was "clearly erroneous and contrary to law because it did not put the burden on the movant to show that the balance of relevant factors weighs strongly in favor of transfer and misapplied the law to the facts." (ECF No. 14 at 2.) Perez makes three specific objections that the Court will address in turn.

First, Perez argues that the burden of proof lies with the moving party, and the Magistrate Judge erred by not requiring Cape Air to meet its burden of proof as the moving

*Perez v. Hyannis Air Serv., Inc.*
Case No. 1:10-cv-0086
Memorandum Opinion
Page **9** of **12**

party because the Magistrate Judge "did not address each of the relevant factors that it cited" and even found that at least one of the factors was "neutral" to the transfer analysis.[3] (ECF No. 14 at 2.) Cape Air argues that "Plaintiff fails to cite to any case law to support his proposition that the court must consider each and every factor ever used by any court in a 1404(a) analysis when ruling on a motion to transfer venue." (ECF No. 20 at 3.) Indeed, the Third Circuit in *Jumara v. State Farm Insurance Company* noted that there are "three enumerated factors" in 18 U.S.C. § 1404(a) ("Section 1404(a)"), namely, the convenience of parties, the convenience of witnesses, and the interests of justice, courts do not "limit[] their consideration" to these three factors, and that there is "no definitive formula or list of the factors to consider." 55 F.3d 873, 879-880 (3d Cir. 1995) (identifying six private interest factors and six public interest factors that a court may consider). Magistrate Judge Cannon listed the *Jumara* factors and conducted a balancing analysis of "all *relevant* factors." *Id.* at 879. Further, Magistrate Judge Cannon placed the burden of proof on the moving party, as their motion, ECF No. 4, was the only briefing on the issue properly before the Court, and Magistrate Judge Cannon reached the conclusion that "the balance of all the factors strongly

---

[3] Perez also claims that the "location of the records" factors should have weighed against transfer because Cape Air was unable to show that this factor weighed in its favor. In this technological era where books and records are easily accessed across districts, courts commonly find this factor to be neutral. *Warren v. Results Customer Sols. LLC*, Civil No. 2024-0888, 2025 LX 102116, at *8-9 (D. Del. Jan. 14, 2025); *Byrne v. Terex USA, LLC*, Civil No. 2025-0586, 2025 LX 513094, at *14 (E.D. Pa. Dec. 22, 2025); *Claiborne v. FedEx Ground Package Sys., Inc.*, Civil No. 2018-1698, 2025 LX 419983, at *24 (W.D. Pa. Sep. 29, 2025). Perez also misunderstands how to correctly assess the individual factors to be balanced against each other; it is not necessary for each factor to be found to weigh in favor or against transfer. There may very well be factors that are neutral to transfer. It is only the final balance of all the factors that must weigh strongly in favor of transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (opining that courts should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.").

weighs in favor of transfer."[4] (ECF No. 11 at 8.) Thus, the Magistrate Judge's ruling was not "clearly erroneous" or "contrary to law" in this respect. 28 U.S.C. § 636(b)(1)(A).

Second, Perez argues that the Magistrate Judge "incorrectly determined that all the acts giving rise to Plaintiff's claims occurred in Massachusetts" when Perez's Complaint, ECF No. 1, and Cape Air's motion to transfer, ECF No. 4, included "facts arising in or connected to the Virgin Islands." (ECF No. 14 at 3.) Cape Air, in turn, argues that Perez "ignores the fact that his lawsuit is based upon his termination which occurred in Massachusetts and he was working and temporarily residing in Massachusetts at the time of his termination" and that Perez "does not deny that Defendant terminated Plaintiff for failing to conduct an inspection on an airplane in Massachusetts." (ECF No. 20 at 13.)

Magistrate Judge Cannon noted that "[t]he general rule favors the forum 'which is the center of the accused activity.'" (ECF No. 11 at 3 (citing *S.C. Johnson & Son, Inc. v. Gillette Co.*, 571 F. Supp. 1185, 1187-88 (Ill. 1983).) Based on Magistrate Judge Cannon's determination that the "matter at bar centers upon Plaintiff's termination of his employment with Defendant" and that "Plaintiff was working and temporarily residing in Massachusetts at the time of his termination," Magistrate Judge Cannon found that this factor weighs in favor of transfer. *Id.* at 4. This is not a "clearly erroneous" finding or "contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Warren v. Results Customer Sols. LLC*, Civil No. 24-888, 2025 LX 102116, at *6 (D. Del. Jan. 14, 2025) (finding that the claims arose elsewhere in an employment termination case where "all of the employment related decisions or business

---

[4] Specifically, Magistrate Judge Cannon found that: "the only relevant factors against transfer are Plaintiff's original choice of forum, access to records and documents, and, the ability of Defendant to better able to absorb the cost of litigating in this forum. Because none of those factors are accorded much weight, the Court finds that the balance of all the factors strongly weighs in favor of transfer." (ECF No. 11 at 8.)

operations in issue occurred" in the transferee district, thus favoring transfer); *Kevin v. IMS Prods., Inc.*, Civil No. 2020-984, 2021 U.S. Dist. LEXIS 74321, at * (W.D. Pa. Apr. 19, 2021) (finding, in a dispute over unlawful termination claims, that this factor weighed in favor of transfer because the former employee's "employment centered around IMS's headquarters and business in Indianapolis" and "most of the operative facts took place in Indiana"). Thus, the Magistrate Judge's determination that the claims[5] arose out of Massachusetts because Perez resided there and was employed there at the time of the events leading to his termination, and that this factor weighed in favor of transfer, was not "clearly erroneous" or "contrary to law" in this respect. 28 U.S.C. § 636(b)(1)(A).

Third, Perez argues that the Magistrate Judge "incorrectly concluded that the convenience of the witnesses weighed in favor of transfer" despite the fact that "the Court acknowledged that it must consider whether a Defendant can compel the attendance of its own employees and Defendant admitted in its motion that it employs ***all*** of the witnesses mentioned in the Complaint" (ECF No. 14 at 3 (emphasis in original).) Cape Air notes that its "employees in Massachusetts are located outside the 100-mile subpoena power of the District Court of the Virgin Islands." (ECF No. 20 at 15.) Further, Cape Air notes that no witnesses are located within the Virgin Islands—even those identified by Perez—and that "all of the individuals involved in Plaintiff's termination and/or the conduct giving rise to Plaintiff's claims reside and/or work in Massachusetts*." Id.* at 16. Given these circumstances, and the fact that travel from Hyannis, Massachusetts, to St. Croix, U.S. Virgin Islands, is

---

[5] Perez's claims are: (1) wrongful discharge in violation of 24 V.I.C. § 76; (2) defamation per se based Cape Air alleged repeating to other employees that Perez "falsified the inspection report and had not conducted the inspection"; (3) breach of employment agreement that "progressive discipline would be used"; and (4) intentional infliction of emotional distress. (ECF No. 1 at 7-8.)

"approximately 3,200 miles round trip," *id.* at 15, Magistrate Judge Cannon's ruling that this favor weighed in favor of transfer to the District of Massachusetts was not "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A).

In sum, upon consideration of Perez's three objections, the Court finds that the Magistrate Judge was well within the "wide discretion" accorded to magistrate judges in determining that this case should be transferred to the District of Massachusetts. *See Esso Standard Oil Co.*, 2009 U.S. Dist. LEXIS 73213, at *7. Perez's objections do not have merit because this ruling was not "clearly erroneous" or "contrary to law," 28 U.S.C. § 636(b)(1)(A), and thus are not deserving of the "extraordinary remedy" that reconsideration represents. *Matthias*, 2022 U.S. Dist. LEXIS 106707, at *6. Accordingly, this Court will overrule Perez's Notice of Objection to and Appeal of the Magistrate Judge's Order, ECF No. 14, and will affirm the Magistrate Judge's December 1, 2010 Order, ECF No. 11.

## IV.    CONCLUSION

For the reasons outlined above, the Court will overrule Perez's Objections to the Magistrate Judges' Orders issued on November 30, 2010, December 1, 2010, and December 2, 2010. Further, the Court will affirm each of those Orders and will transfer the instant case to the District of Massachusetts.

An appropriate Order follows.

**Dated:** February 25, 2026              */s/ Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**